IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| ROBIN ASHTON,<br><br>               Plaintiff,<br><br>   vs.<br><br>STATE OF MONTANA, OFFICE OF DISCIPLINARY COUNSEL, JUDICIAL STANDARDS COMMITTEE, MONTANA MEDICAL LEGAL PANEL, DAWN APPLE, DIANE TOMKINS, JEAN BRANSCUM, and DOE DEFENDANTS # 1-30,<br><br>               Defendants. | CV 15-96-M-DWM-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I.**     **INTRODUCTION**

      Plaintiff Robin Ashton, appearing pro se, filed an application requesting leave to proceed in forma pauperis. Ashton submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that Ashton's request is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Ashton's lodged Complaint as of the filing date of her request to proceed in forma pauperis.

      The federal statute under which leave to proceed in forma pauperis is

1

permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Ashton's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. PLAINTIFF'S ALLEGATIONS

This action arises from Plaintiff Robin Ashton's experience with the justice system in Flathead County, Montana, and the various deficiencies she perceives in

that system. In the introductory paragraphs of her pleading, she identifies and lists several allegedly general defects in the Flathead County justice system. Specifically, she complains that both the Flathead County justice system and the State of Montana:

- fail to protect against bullying by one citizen against another,

- fail to enforce laws, including the Americans with Disabilities Act,

- fail to provide legal and pro bono assistance to indigent and pro se litigants,

- mistreat, and are biased against, pro se litigants,

- fail to oversee judicial officers in the justice system,

- fail to oversee the work of the Office of Disciplinary Counsel and the Judicial Standards Commission,

- allow jail staff to violate individuals' civil rights,

- fail to train and supervise law enforcement officers,

- fail to provide health care to citizens of Montana,

- fail to provide treatment and counseling for suicidal individuals, and

- allow the Montana Medical Legal Panel to harass and intimidate claimants.

Following this list of purported deficiencies, Ashton proceeds in her 29-page complaint to elaborate on all the reasons, based on her personal experiences,

which support her conclusions about the listed deficiencies. She advances 11 claims for relief against all of the named defendants, and alleges they are liable for the injuries and damages she has allegedly sustained.

Ashton requests various forms of relief in her complaint. She seeks injunctive relief, and an award of compensatory and punitive damages.

## III. DISCUSSION

Because Ashton is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### A. Possible Federal Claim Under 42 U.S.C. § 1983

As a threshold matter, and for purposes of the analysis that follows, the Court finds that Ashton's allegations could be liberally construed to state a claim under 42 U.S.C. § 1983 because her allegations implicate the conduct of

individuals acting under authority of Montana law.  Section 1983 states, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.  Section 1983 is the vehicle through which a plaintiff can present claims under federal law against a state or local government official or employee if the plaintiff can establish that the official or employee was acting under color of state law and deprived the plaintiff of a federal right.

The circumstances surrounding the subject matters raised in Ashton's pleading could possibly lend themselves to viable claims under section 1983 if properly alleged.  The Court will proceed to analyze Ashton's claims on the basis she could possibly allege facts to state a claim under section 1983.

### B.  State of Montana, Office of Disciplinary Counsel, Judicial Standards Commission, and the Montana Medical Legal Panel – Eleventh Amendment Immunity

As a matter of law, Ashton cannot maintain legal claims she advances against Defendants State of Montana, the Office of Disciplinary Counsel, the Judicial Standards Commission, and the Montana Medical Legal Panel.  Those

5

entities are immune from suit in federal court under the Eleventh Amendment to the United States Constitution, and must be dismissed.

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). Although the amendment does not expressly prohibit suits brought against a state by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Consequently, absent a waiver of this Eleventh Amendment immunity, neither a state, nor governmental entities which are considered "arms of the state," may be subject to suit in federal court. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989).

"In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, [a federal court] will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman*, 415 U.S. at 673 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

Here, no express waiver of the State of Montana's Eleventh Amendment immunity exists in the law of Montana. Montana's limited waiver of immunity for tort actions in its own courts, as set forth in Article II, Section 18 of Montana's Constitution and Mont. Code Ann. §§ 2-9-101 et seq., does not constitute a waiver of the State's Eleventh Amendment Immunity. *State of Montana v. Peretti*, 661 F.2d 756, 758 (9th Cir. 1981) and *Ward v. Montana State Prison*, 2008 WL 564692, *3 (D. Mont. 2008).

Alternatively, a state's immunity can be abrogated by Congress through its enactment of a statute. "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73 (2000)).

Ashton's allegations do not identify any Congressional enactment that abrogates the State of Montana's Eleventh Amendment immunity. And with respect to Ashton's potential claims under 42 U.S.C. § 1983, the Supreme Court has made clear that § 1983 does not abrogate a State's Eleventh Amendment immunity. *Will v. Michigan Department of State Police*, 491 U.S. 58, 65-66 (1989).

It is also well-settled that state courts are "arms of the state" for purposes of the Eleventh Amendment. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (citing *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (1987)). Entities that are part of a state court system, therefore, are also "arms of the state."

The Montana Medical Legal Panel, the Judicial Standards Commission, and the Office of Disciplinary Counsel are each attached to, or part of, the Montana Supreme Court for administrative purposes. Mont. Code Ann. § 27-6-104 (medical-legal panel). The Judicial Standards Commission is a legislatively created body that reports to the Montana Supreme Court and the legislature. Mont. Code. Ann. §§ 3-1-1101, 1106(3) and 1126. And the Office of Disciplinary Counsel is comprised of an attorney appointed by the Montana Supreme Court. Montana Rules of Lawyer Disciplinary Enforcement, Rule 5. These three entities or offices, therefore, are "arms of" either the State of Montana or the Montana Supreme Court.

In accordance with the foregoing legal authority, the State of Montana, the Office of Disciplinary Counsel, the Judicial Standards Commission, and the Montana Medical Legal Panel are "arms of the state." Therefore, the immunity established by the Eleventh Amendment bars Ashton's claims against those

8

entities.

### C. Pleading Requirements

The Court also concludes Ashton's lengthy pleading is defective in several respects, making it impossible for the Court to determine if she possesses, or has pled, any cognizable and viable claim for relief. Her complaint fails to comply with at least two provisions of the Federal Rules of Civil Procedure: Rules 8(a)(2) and 10(b). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Lengthy, detailed and "[s]pecific facts are not necessary; the statement need only [...] give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).

Here, Ashton's 29-page complaint rambles on with extraneous, storied details that are unnecessary to a concise claim for relief. Ashton's lengthy and vague allegations make it impossible for the Court to determine whether she has stated, or can state, any valid legal claim, or whether her allegations are frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2). *See Dean Reed Production Corp. v. Los Angeles County Dept. of Children and Family Services*, 2006 WL 3734656, *1 (E.D. Cal. 2006). A totally incomprehensible claim or complaint is without an arguable basis in law and is subject to dismissal. *Jackson v. Arizona*,

885 F.2d 639, 641 (9th Cir. 1989), superseded by 28 U.S.C. § 1915(e)(2)(B) on other grounds. In sum, Ashton's allegations do not constitute a short and plain statement of the concise, basic facts and grounds showing she is entitled to relief.

Additionally, Ashton has failed to comply with Fed. R. Civ. P. 10(b). Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This permits the Defendants to answer the allegations by simply referring by number to the paragraphs of the complaint. *Id*.

Based on the foregoing, and in view of Ashton's pro se status, the Court will afford her an opportunity to file an amended complaint. In doing so, Ashton's pleading must comply with Rules 8(a) and 10(b).

### D. Jurisdiction

In addition to the grounds for dismissal set forth in 28 U.S.C. § 1915(e)(2) above, Ashton's complaint fails to sufficiently set forth allegations that properly invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331), or cases in which the United States is a party (28 U.S.C. §§ 1345 and 1346). Sections 1345 and 1346 are not applicable in this case because the United States is not a party to this action.

1. **<u>Diversity Jurisdiction is Absent</u>**

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)). Each plaintiff must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises,*

*Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001). To properly invoke diversity jurisdiction of the court a plaintiff must affirmatively allege the citizenship of the parties to the action. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

It does not appear Ashton seeks to invoke diversity jurisdiction because she does not identify the citizenship of any party involved in this action, but she asserts that all parties are residents of Montana. Absent allegations of citizenship, the Court's diversity jurisdiction under 28 U.S.C. § 1332 is not properly invoked in this case.

### 2. Federal Question Jurisdiction

Liberally read, Ashton's pleading attempts to invoke federal question jurisdiction under 28 U.S.C. § 1331. However, she fails to expressly set forth a clear, viable basis for federal question jurisdiction.

As noted, Ashton's pleading could be construed to advance claims under 42 U.S.C. § 1983. But to establish liability under section 1983 for violations of a plaintiff's civil rights committed by a person acting under color of state law the plaintiff must set forth certain concise, basic facts demonstrating how each defendant directly caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Thus, in any complaint the plaintiff need only write short, plain statements which

concisely describe: (1) the federal or constitutional right plaintiff believes was violated; (2) the name of the defendant(s) who violated the right; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of plaintiff's federal or constitutional right; and (5) what injury plaintiff suffered because of that defendant's conduct.

Ashton's pleading fails to set forth sufficient allegations to state a claim for relief under § 1983. She does not present factual allegations describing how each Defendant, acting under color of state law, deprived her of any right under either the United States Constitution or federal law. The Court will, however, afford Ashton an opportunity to amend her allegations to expressly state a federal claim.

## IV. CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that the State of Montana, the Office of Disciplinary Counsel, the Judicial Standards Commission, and the Montana Medical Legal Panel be DISMISSED on the ground that those entities are immune from suit in federal court under the Eleventh Amendment to the United States Constitution.

With respect to the balance of Ashton's allegations, the Court finds her pleading, as presently pled, is subject to dismissal for failure to state a claim on which relief could be granted, and for failure to sufficiently invoke the jurisdiction

13

of this Court. In view of Ashton's pro se status, however, the Court will afford her an opportunity to amend her allegations to cure the defects noted in this Order.

Therefore, IT IS HEREBY ORDERED that on or before September 11, 2015, Ashton shall file an amended complaint. The Clerk of Court is directed to provide her with a form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Ashton's amended complaint shall set forth a short and plain statement of her claims against each individual defendant showing that each individual is liable and that she is entitled to relief.

At all times during the pendency of this action, Ashton shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Ashton is advised that her failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad*

*Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 12th day of August, 2015.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge