IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBIN ASHTON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, OFFICE OF DISCIPLINARY COUNSEL, JUDICIAL STANDARDS COMMITTEE, MONTANA MEDICAL LEGAL PANEL, DAWN APPLE, DIANE TOMKINS, JEAN BRANSCUM, DOE DEFENDANTS #1-45,<br><br>Defendants. | CV 15–96–M–DLC–JCL<br><br>ORDER |

On January 5, 2016, this Court adopted United States Magistrate Judge Jeremiah C. Lynch's findings and recommendations and dismissed Plaintiff Robin Ashton's ("Ashton") Complaint with prejudice. On August 19, 2016, Ashton filed a Motion for Reconsideration. Ashton did not seek leave of Court to file the Motion for Reconsideration, as required by Local Rule 7.3(a). While Local Rule 7.3 is intended to eliminate motions for reconsideration that seek nothing more than de novo consideration of the arguments and authorities previously presented to the Court, this Court will address Ashton's Motion for Reconsideration on the merits.

-1-

Post-judgment motions for reconsideration are governed by Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citations and internal quotation marks omitted). "Clear error exists when . . . [a] court is left with the definite and firm conviction that a mistake has been made." *In re Adamson Apparel, Inc.*, 785 F.3d 1285, 1291 (9th Cir. 2015) (citations omitted). "[A] Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood*, 759 F.3d at 1121 (citations and internal quotation marks omitted).

The Court is not willing to entertain the same arguments Ashton has made from the outset of this case. Not only has Ashton failed to present her motion according to Rule 7.3 of the Montana District's Local Rules of Civil Procedure, but the substance of her motion does not call into question Judge Lynch's analysis of her case or the undersigned's adoption of that analysis. Ashton simply rehashes her arguments relating to the appointment of "standby counsel" and requests that the Court vacate its Order adopting Judge Lynch's findings and recommendations so that she may have assistance from counsel to help draft a second amended

Ashton has already twice requested appointment of counsel in this matter and the Court denied those motions because Ashton was unable to prove "exceptional circumstances" sufficient to justify appointing her a lawyer. The Court determined the following in regards to that motion in its original Order:

> Considering the lack of specificity in Ashton's allegations with regard to who wronged her and how, the Court finds that she is unlikely to succeed on the merits. Furthermore, while Ashton was unable to pare down her pleading in line with Judge Lynch's instructions, neither her Complaint, her Amended Complaint, nor her objections support the conclusion that she lacks the ability to communicate or articulate in writing.

(Doc. 10 at 4.) This Court then revisited the appointment of attorney in her informal, post-judgment request via email. In her email, Ashton requested standby counsel based on her "extensive disability needs," without providing any documentation to that effect. (Doc. 12.) Again, the Court denied the motion for appointment of counsel because she continued to fall short of proving "exceptional circumstances" necessary to appoint a lawyer.

The Court will not reconsider that motion for a third time since Ashton has failed to present any new evidence that would further explain her need for an attorney. Consequently, the Court does not find clear error exists in the record and the motion for reconsideration will be denied.

Accordingly, IT IS ORDERED that Plaintiff Robin Ashton's Motion for

Reconsideration (Doc. 15) is DENIED.

DATED this 2nd day of November, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court